**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WORCESTER DIVISION**

| | |
|---|---|
| In Re: | : |
| MICHAEL A. ROMANO | : CASE NO. 15-40880 HJB |
| | : CHAPTER 7 |
| DEBTOR | : |

# MOTION FOR RELIEF FROM AUTOMATIC STAY

Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer Services ("Wells Fargo") as and for a motion, pursuant to 11 U.S.C. §362(d) and Rule 4001(a) F.R.B.P., seeking an Order granting relief from Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2007 Chevrolet Tahoe, states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§1334(b) and §157(a) and §362(d) of Title 11, United States Code (hereinafter referred to as the "Code"). Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2. On May 1, 2015, Michael A. Romano hereinafter referred to as the 'Debtor' filed a voluntary petition under Chapter 7 of Title 11 of the Code with this Court.

3. On March 13, 2015, the Debtor entered into a Retail Installment Contract (hereinafter referred to as the "Contract") with Connoly Buick Co. Inc. (hereinafter referred to as the "Seller"), whereby the Debtor agreed to pay a total of payments in the amount of $19,313.40 in connection with the purchase of a 2007 Chevrolet Tahoe, Vehicle Identification Number 1GNFK13087J288450 (hereinafter referred to as the "Motor Vehicle").

4. Thereafter, pursuant to its terms, the Contract was duly assigned by the Seller to Wells Fargo and the latter is now the holder and owner of same.

5. Pursuant to the terms and provision of the Contract, Wells Fargo was granted and presently retains a purchase money security interest in, <u>inter alia</u>, the Motor Vehicle and any accessories, equipment and replacement parts installed in said Motor Vehicle. No other collateral exists securing this obligation.

6. Wells Fargo duly perfected such security interest by noting its lien on the Certificate of Title. Copies of the Contract and Certificate of Title are collectively annexed hereto as Exhibit "A" and made a part hereof.

7. At the present time, the Debtor is in default under the terms and provisions of the contract as follows:

    a. The amount owing to Wells Fargo as of May 6, 2016 is $16,180.94.

    b. Arrears: The Debtor has failed to make monthly payments and remains due and owing for May 27, 2015 through April 27, 2016, and as a result, is in arrears $3,862.68 as of May 6, 2016.

(**NOTE**: The forgoing does not represent any amounts which may be due for late charges, costs and attorneys' fees as may be allowed by the Court).

8. Wells Fargo has ascertained that the fair market replacement value of the motor vehicle is $15,575.00, based upon the relevant values for this vehicle set forth in the N.A.D.A. publication for this area, a copy of which is annexed hereto as Exhibit "B" and made a part hereof.

9. Pursuant to 11 U.S.C. §362(a), upon commencement of the bankruptcy case, Wells Fargo was and is stayed from taking any action against any debtor to obtain possession and control of the subject motor vehicle.

10. Upon information and belief, the Debtor continues to enjoy the use and possession of the motor vehicle subjecting same to normal occupational wear and tear thereby causing the motor vehicle to depreciate in value. It is respectfully submitted that the continued use of the motor vehicle shall eventually render it useless thereby causing Wells Fargo irreparable damage to its interests in same.

11. It is respectfully asserted that Wells Fargo's interest in the motor vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

12. Accordingly, sufficient cause exists, pursuant to 11 U.S.C. §362(d)(1) (and/or (d)(2) if applicable) to grant Wells Fargo immediate relief from automatic stay herein.

13. No prior application for relief requested herein has been made.

**WHEREFORE,** Wells Fargo respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d)(1) (and/or (d)(2) if applicable) granting relief from automatic stay in order to obtain possession and dispose of its collateral and such other relief as the Court deems just and proper.

Dated at Bloomfield, Connecticut on May 12, 2016.

    MOVANT
WELLS FARGO BANK, N.A., D/B/A WELLS FARGO DEALER SERVICES

By /s/ Mitchell J. Levine
    Mitchell J. Levine
    Counsel for Wells Fargo Bank, N.A., d/b/a
    Wells Fargo Dealer Services
    Law Offices of Nair & Levin, P.C.
    707 Bloomfield Avenue
    Bloomfield, CT 06002
    BBO No. 638576
    Telephone No. (860) 692-3164
    mlevine@nairlevin.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WORCESTER DIVISION**

| | |
|---|---|
| In Re: | : |
| MICHAEL A. ROMANO | : CASE NO. 15-40880 HJB |
| | : CHAPTER 7 |
| DEBTOR | : |

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY

After notice and an opportunity for a hearing on Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer Services's (hereafter the "Movant") Motion for Relief from Stay

**IT IS HEREBY ORDERED** that the Automatic Stay of Section 362(a) of the Bankruptcy Code is modified so that the Movant may exercise its rights if any, under its security agreement with the above Debtor(s) with regard to a 2007 Chevrolet Tahoe, Vehicle Identification Number 1GNFK13087J288450, in accordance with State and Federal Law.

This Order is binding and effective despite any conversion of this bankruptcy case under any other chapter of the Bankruptcy Code.

Dated at Springfield, Massachusetts this _____ day of _____, 201__.

_____
Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WORCESTER DIVISION**

| | |
|---|---|
| In Re: | : |
| MICHAEL A. ROMANO | : CASE NO. 15-40880 HJB |
| | : CHAPTER 7 |
| DEBTOR | : |

**CERTIFICATE OF SERVICE**

The undersigned Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer Services (the "Movant") hereby certifies that on May 12, 2016 in accordance with Rules 7004, 7005, and 9014 F.R.Bankr.P., I have served the following upon all parties entitled to notice (see attached Schedule "A") by first class mail postage prepaid or electronically:
(1) a copy of the Motion for Relief From Automatic Stay,
(2) a copy of the proposed order.

Dated: May 12, 2016

                                              THE MOVANT
                                              WELLS FARGO BANK, N.A., D/B/A
                                              WELLS FARGO DEALER SERVICES

                                              BY/s/Mitchell J. Levine
                                                 Mitchell J. Levine, Esq.
                                                 NAIR & LEVIN, P.C.
                                                 707 Bloomfield Avenue
                                                 Bloomfield, CT 06002
                                                 BBO #638576
                                                 mlevine@nairlevin.com
                                                 Telephone No. (860) 692-3164

# SCHEDULE A

Debtor(s)' Attorney:
**Todd S. Dion**
Law Office of Todd S. Dion
1319 Cranston Street
Cranston, RI 02920
toddsdion@msn.com

**Michael A. Romano**
20 Manor Road
Millbury, MA 01527
*(Debtor)*

**Joseph H. Baldiga**
Mirick, O'Connell, DeMallie & Lougee
1800 West Park Drive
Suite 400
Westborough, MA 01581-3926
jbaldiga@mirickoconnell.com
*(Trustee)*

**Richard King**
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV
*(Assistant U.S. Trustee*

**America's Servicing Company, as servicer for The Bank of New York Mellon, f/k/a The Bank of New York, successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage I**
*(Creditor)*
**Richard T. Mulligan**
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0345
mabk@harmonlaw.com

**eCAST Settlement Corporation**
PO Box 35480
Newark, NJ 07193-5480
*(Creditor)*